```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,  *   CRIMINAL NO. 1:18-cr-10106-PBS
      Plaintiff            *
                           *
           v.              *
                           *   DECEMBER 21, 2017
DEMONE COLEMAN,            *   BOSTON, MASSACHUSETTS
      Defendant            *
* * * * * * * * * * * * *
```

TRANSCRIPT OF INITIAL APPEARANCE
BEFORE THE HONORABLE JENNIFER C. BOAL
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Government:    UNITED STATES ATTORNEY'S OFFICE
                       BY: Nicholas A. Soivilien, AUSA
                       One Courthouse Way, Suite 9200
                       Boston, MA 02210
                       617-748-3279
                       nicholas.soivilien@usdoj.gov


For the Defendant:     Ian Gold, Esq.
                       Attorney at Law
                       2 Clock Tower Place
                       Suite 260
                       Maynard, MA 01754
                       617-297-7686
                       ian.gold@iangoldlaw.com




        Court Reporter:

        Proceedings recorded by electronic sound recording,
        transcript produced by transcription service.

```
 1  COURT CALLED INTO SESSION
 2  (11:20:05 A.M.)
 3             THE CLERK:  Today's December 21, 2017.  We're on
 4  the record in the matter of the United States v. Coleman,
 5  Case No. 17-mj-7219
 6             Will counsel please identify themselves for the
 7  record?
 8             MR. SOIVILIEN:  Good morning, Your Honor.
 9  Nicholas Soivilien for the Government.
10             THE COURT:  Good morning.
11             MR. GOLD:  Good morning, Your Honor.  Ian Gold on
12  behalf of Demone Coleman.
13             THE COURT:  Good morning.
14             Mr. Coleman, if you could please stand?
15             The purpose of this proceeding is to advise you of
16  the charges that have been filed against you; to advise you
17  of some very important rights, including your right to
18  remain silent and right to counsel; to consider the
19  appointment of counsel for you; to consider detention; and
20  to set a date, if possible, for your next court appearance.
21             Your initial appearance is not a trial, and you'll
22  not be asked to comment on the charges that are pending
23  against you.
24             I want to confirm that you have the right to
25  remain silent.  You do not have to make a statement, and
```

anything that you do say may be held against you.  If you choose to make a statement or answer any questions, you may stop answering at any time if you change your mind.

        Do you understand?

        THE DEFENDANT:  Yes.

        THE COURT:  You also have the right to be represented by an attorney at any critical stage of the proceedings against you, you may consult with an attorney before you are asked any questions, and you may have an attorney present while you are questioned.  If you cannot afforded an attorney, counsel will be appointed for you without charge.

        Do you understand?

        THE DEFENDANT:  Yes.

        THE COURT:  And do you wish the Court to appoint counsel for you?

        THE DEFENDANT:  Yes.

        THE COURT:  I have your financial affidavit.

        Based on a review of your affidavit, I will appoint counsel for you; and specifically, I'll appoint Mr. Gold to represent you.

        You've been charged in a criminal complaint with distributing cocaine base in violation of 21 U.S. Code Section 841.

        Do you have a copy of the complaint?

1  THE DEFENDANT: Yes.
2  THE COURT: You may be seated.
3  Mr. Soivilien, if you could please state the
4  maximum potential penalties and the Government's position on
5  detention?
6  MR. SOIVILIEN: Yes, Your Honor. If convicted,
7  the defendant faces a maximum sentence of up to 20 years in
8  prison, a fine of up to $1 million, up to five years of
9  supervised release and a mandatory special assessment of
10 $100.
11 Your Honor, the Government would move for
12 detention pursuant to 18 USC Section 3142(f)(1), that the
13 defendant poses a significant danger to the community; as
14 well as 18 USC Section 3142(f)(2)(A), that the defendant
15 poses a significant flight risk.
16 Your Honor, I haven't had an opportunity to speak
17 with counsel about the defendant's current potential
18 situation given that he is pretrial up in Maine, but I would
19 think it would be appropriate to file a _US v. King_ motion at
20 this time. But again, I haven't spoken with counsel about
21 that.
22 THE COURT: And are you moving under (f)(1)(C)?
23 MR. SOIVILIEN: Yes, Your Honor.
24 THE COURT: And Mr. Gold, do you have an
25 understanding that he is incarcerated in a pretrial status

```
 1  in Maine?
 2          MR. GOLD:  That's what I've been told from -- we
 3  did talk preliminarily, --
 4          THE COURT:  Yes.
 5          MR. GOLD:  -- and I have that motion.  I've
 6  confirmed it with Mr. Coleman that he is being held in Maine
 7  by State authorities.
 8          THE COURT:  And any objection to me entering a
 9  United States vs. King order?
10          MR. GOLD:  Well, Your Honor, I haven't --
11          I told Mr. Coleman about his rights.  I haven't
12  read U.S. v. King for a while, but it's my understanding --
13          As a practical possibility, I certainly can advise
14  him one way, but I don't think we can object.  I mean, the
15  alternative is to have a detention hearing now, but then
16  defer any outcome until he's released from the State.
17          THE COURT:  That's correct.  I mean, I think
18  that's up to you to determine whether or not you can object
19  and whether or not you want the detention hearing now.  I
20  think as a practical matter, given that he is held pretrial
21  in Maine, it won't have much effect at this point until he's
22  released.
23          MR. GOLD:  But that would be -- that is the
24  alternative scenario.  Yeah, I've always been a little bit
25  hazy on it.
```

```
 1              But let me just, if I could, Your Honor, speak
 2 with Mr. Coleman and just confirm --
 3              THE COURT:  And let me just ask you another
 4 question then, and you may wish to speak to him about it as
 5 well.
 6              Does he wish to have a probable cause hearing?
 7              MR. GOLD:  And that's something that we also
 8 started to discuss, and that might be something that he's
 9 more interested in doing.  But I want to talk to him about
10 the shuttling piece, because it might require him to be
11 brought back.
12              THE COURT:  Well, that, I would leave up to the
13 marshals.  I mean, in terms of the legal ramifications,
14 there's no anti-shuttling provision, because it's not a
15 Interstate Agreement on Detainers issue.
16              MR. GOLD:  Right.  And so he would be -- he would
17 be could be shuttled back and forth.
18              THE COURT:  Yeah.
19              MR. GOLD:  Yeah.  Just a moment.  Thank you, Your
20 Honor.
21       (Attorney Gold confers with defendant.)
22              MR. GOLD:  Your Honor, we're prepared.  Thank you.
23              THE COURT:  Yes.  What would you like to do?
24              MR. GOLD:  So there's no objection.  Mr. Coleman
25 would be interested in having a probable cause hearing.
```

There's no objection to an order entering under the United States v.s King case.

        THE COURT: All right. So what do you have first in terms of a date, Mr. York?

        THE CLERK: So Judge Cabell has the co-defendant for next Wednesday, the 27th, at 2 p.m.

        MR. GOLD: I don't object to that date. That works for me.

        THE COURT: All right. So I'll schedule the probable cause hearing for then before Judge Cabell.

        And Mr. Coleman, if you wouldn't mind standing again?

        So we've been talking about a case called United States vs. King; and essentially, what that case suggests is that it doesn't make much sense for us to have a detention hearing for you on the federal charges, given that you're currently also being held on state charges. So even if I were to release you, you'd still be held by the authorities in Maine.

        So under United States v.s King we'd wait, and if you'd want to have a federal detention hearing once you're released from State custody, we could have it at that time.

        So do you have any objection?

        Have you had enough time to talk to Mr. Gold about your rights to a prompt detention hearing?

1         THE DEFENDANT:  Yes.

2         THE COURT:  And are you willing to waive your
3 right to a prompt detention hearing and have me enter a
4 <u>United States v.s King</u> order which would mean that you could
5 have a detention hearing when you're released from State
6 custody?

7         THE DEFENDANT:  Yes.

8         THE COURT:  So I find the defendant has made a
9 knowing and voluntary waiver of his right to a prompt
10 detention hearing, and I will enter an order under <u>United
11 States vs. King</u>.

12         Is there anything further at this time, Mr. Gold?

13         MR. GOLD:  Not from us, Your Honor, no.  Thank
14 you.

15         THE COURT:  And Mr. Soivilien?

16         MR. SOIVILIEN:  No, Your Honor.

17         THE COURT:  Thank you very much.

18         THE CLERK:  Court's in recess on this matter.

19    (Court adjourned at 11:29:17 a.m.)

20

21

22

23

24

25

*Judy Bond, CERT*
*Certified Federal Court Transcriber*
*judy@bondcourtreporting.com*

CERTIFICATION

I, Judy Bond, a court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

_____    July 20, 2018
Judy Bond

*Judy Bond, CERT*
*Certified Federal Court Transcriber*
*judy@bondcourtreporting.com*